QUALITY INNS INTERNATIONAL,
INC., Plaintiff,

v.

Ron PATEL and Jay Patel dba the
Comfort Lodge, Defendants.

Civ A. No. J85–0930(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 22, 1985.

James C. Mingee, Krogstad, Johnson, Mingee & Wood, Jackson, Miss., (Everett

F. Casey, Silver Spring, Md., of counsel), for plaintiff.

Lanier B. Foote, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause came before the court on the motion of the plaintiff, Quality Inns International, Inc. (Quality Inns), for a preliminary injunction restraining the defendants, Ron Patel and Jay Patel d/b/a The Comfort Lodge, from using the name "Comfort Lodge" and their allegedly deceptive logo utilized in conjunction therewith. This action was initiated under the Trademark Act of 1946 by the plaintiff which is the owner of the tradenames and service marks "Comfort Inn" and "Comfort Inns".[1] According to the complaint, 187 hotels which are owned or franchised by the plaintiff in the United States, Canada and Mexico use the trade name "Comfort Inn" including six such hotels in the State of Mississippi. Defendants Ron Patel and Jay Patel are the owners of a business known as "The Comfort Lodge and Restaurant" in Jackson, Mississippi.

When the defendants bought the establishment which now bears the name of Comfort Lodge, it was known as and the premises contained a sign identifying it as "Econo-Lodge." Defendants covered part of the sign so that it read "Lodge," the name by which the motel came to be known. Jay Patel testified that he consulted an attorney regarding use of the name "Comfort Lodge", and then sought advice on designing a new sign. Ron Patel approached a local sign company and told its representative that he liked the Comfort Inn sign and wanted a logo that was similar to it. The design which Ron Patel approved was not, according to the testimony of its creator, fashioned after the Comfort Inn sign. When Jay Patel approached another local sign company to have the sign manufactured, its agent discussed with him the similarities between his design and that of Comfort Inn and insisted on making certain changes to lessen the likeness. Before the sign was installed, defendants used both "Comfort Lodge" and "The Lodge" for their name.[2]

Another motel in which Ron Patel had an interest received a request from local promoters of a youth baseball association regarding accomodations for entrants in a tournament. Patel recommended the Comfort Lodge and the reservations were made. The baseball team arrived and left soon thereafter because they were not satisfied with their accommodations. A representative of the team wrote Quality Inns complaining about the treatment received at the "Comfort Inn" on I–55 South. How the team determined that the motel was a Quality Inn was not established. The sign bearing the name "Comfort Lodge" had not been installed when the team arrived. There was, however, a billboard approximately three to four hundred feet from the motel advertising a Comfort Inn on Highway 80 several miles away. The testimony and evidence showed that business cards and menus at the defendants' motel included the name "Comfort Lodge". Following receipt of the complaint of the team, the plaintiff sent to the defendants at the Comfort Lodge address a letter requesting defendants to refrain from using the name "Comfort Lodge". The new Comfort Lodge sign was installed on September 12, 1985 and plaintiff initiated suit soon thereafter.

15 U.S.C. § 1114 states in part:

(1) Any person who shall, without the consent of the registrant—

(a) Use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on

---

1. The tradenames and service marks are registered with the United States Patent Office and have been used by plaintiff in interstate and intrastate commerce since April 2, 1981.

2. The motel is listed in the telephone book and with directory assistance as The Lodge.

or in connection with which such use is likely to cause confusion, or to cause mistakes, or to deceive; ...

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

The Fifth Circuit has identified the factors to be considered in determining the likelihood of confusion:

(a) The type of trademark:

(b) Degree of similarity between the two marks;

(c) Similarity between the two products;

(d) Identity of retail outlets and purchasers;

(e) Identity of advertising media utilized;

(f) Defendants' intent;

(g) Actual confusion.

See *Armco, Inc. v. Armco Burglar Alarm, Inc.*, 693 F.2d 1155, 1159 (5th Cir.1982); *Fuji Photo Film Company, Inc. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 595 (5th Cir.1985).

■ The first factor for consideration, the type of mark, that is, the strength of the prior owner's mark, is significant in that strong marks are entitled to more protection than weak marks. *Amstar Corporation v. Domino's Pizza, Inc.*, 615 F.2d 252, 259 (5th Cir.1980). Neither party introduced evidence of the strength of plaintiff's marks although the record reflects that the plaintiff owns or franchises a substantial number of hotels which use the tradenames and service marks.

The next factor for consideration is the degree of similarity between the two marks. That the designs are strikingly similar is obvious at first glance. The logos are both striped orbs, in shades of red, orange and yellow, Comfort Lodge having two and Comfort Inn one. Both are placed on dark backgrounds.[3] The names are in different colors and in different print styles. The names themselves, however, have common first words which could likely cause a hearer or a viewer to be confused. See *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons*, 523 F.2d 1331, 1340 (2nd Cir.1975) ("Trademarks, like small children, are not only seen but heard"). The second words are different—"Inn" and "Lodge"—but connote similar services. Additionally, the similarity is emphasized by the presence of a Comfort Inn billboard located near the Comfort Lodge sign and property. Accordingly, this court is of the opinion that the similarity is strong in both design and in name.

The third factor, the similarity between the two products, merits little discussion; the service offered by both plaintiff and defendants is motel accommodations. The service provided by both plaintiff and defendants is offered to the same consumers, people seeking motel accommodations, thus satisfying the fourth factor of identity of retail outlets and purchasers. As to the fifth element, identity of advertising media used, there is no evidence except that both plaintiff and defendants utilize signs to advertise their services.

Plaintiff attempts to establish the sixth factor, actual confusion, by the complaint submitted by a representative of the baseball team which was dissatisfied with what they apparently thought was a Comfort Inn.[4] The manager of the Jackson Comfort Inn testified to further confusion on the part of suppliers who delivered Comfort Lodge's orders to Comfort Inn, job applicants and unidentified people who telephoned Comfort Inn but were actually trying to reach Comfort Lodge.

■ After review of the factors set out by the Fifth Circuit, this court is of the opinion that plaintiff has established that defendants' use of their name and design for Comfort Lodge was likely to confuse. Therefore, plaintiff has demonstrated a

3. The background of the Comfort Lodge sign is green whereas the Comfort Inn sign's background is black.

4. Defendants urge that members of the team thought they were at a Comfort Inn because of the billboard several hundred feet from the motel.

substantial likelihood of success on the merits of its claims.

Plaintiff has also shown that, absent issuance of the preliminary injunction, it will suffer irreparable harm to its reputation. Members of the baseball team who visited the Comfort Lodge found the accommodations to be substandard. They and other visitors who share their opinion will hesitate to stay at a Comfort Inn franchise for fear of the same treatment. Regardless of the quality of service offered by Comfort Lodge, the fact that patrons are likely to confuse the two establishments puts Comfort Inn in the uncomfortable position of relying on the proprietors of Comfort Lodge to protect its reputation. The harm to defendants if the motion is granted will be the expense involved in discontinuing use of the name and design pending a final hearing on the merits. While such harm is certainly substantial, it does not outweigh the potential damage to the plaintiff.

It is, therefore, ordered that plaintiff's motion for preliminary injunction is granted. It is further ordered that within 30 days of this order defendants shall file with the clerk of the court and submit to the court and to plaintiff a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction.